IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| **DALLAS T. RICHARDS,** | )<br>)<br>) |
| *Plaintiff,* | )<br>) |
| -vs- | )<br>) |
| **WILLIAMSON COUNTY BOARD OF EDUCATION,** | ) Case No. _____<br>)<br>) **JURY DEMAND** |
| *Defendant.* | )<br>)<br>) |

# COMPLAINT

". . .[T]eachers and administrators have a duty to exercise reasonable care in the supervision and protection of their students. Schools, teachers, and administrators have a duty to exercise ordinary care for the safety of their students. This can include a duty to protect students from the foreseeable intentional acts of third parties."

— *Davis v . Weakley County Board of Education*, 2008 WL 948882 (Tenn. Ct. App. 2008); citing *Hawkins County v. Davis*, 391 S.W.2d 658, 660 (Tenn.1965); *Snider v. Snider*, 855 S.W.2d 588, 590 (Tenn.Ct.App.1993).

## I. Introduction

1. Dallas T. Richards is a former student at Independence High School in Thompson's Station, Williamson County, Tennessee. While enrolled at this school she was the victim of severe, repeated sexual assaults and bullying by a male student who was known by the Defendant school system to have a history of violence and a propensity for inappropriate sexual behavior. As a result of the school system's deliberate indifference toward the educational rights of the Plaintiff, the Defendant is liable to the Plaintiff for damages under Title IX of the Civil Rights Act of 1964, 20 U.S.C. § 1681(a).

## II. Jurisdiction

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 (3) and (4), this action being authorized by 20 U.S.C. § 1681(a), part of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688.

3. Venue for this case properly lies in the Middle District of Tennessee, in that the plaintiff resides therein, and all acts resulting in a violation of Plaintiff Dallas T. Richards' rights occurred therein.

## III. Identity of Parties

4. Plaintiff Dallas T. Richards is an adult citizen and resident of Williamson County, Tennessee. Plaintiff is eighteen years of age and reached majority age on July 14, 2013.

5. Defendant Williamson County Board of Education ("Defendant WCBE") is a local public county school system created and existing by virtue of the laws of the State of Tennessee. WCBE is the governing entity having authority over Independence High School and at all times relevant to this action was a knowing recipient of federal funds.

## IV. Factual Allegations

6. On January 18, 2013, Dallas Richards, then age seventeen, was sexually assaulted by a male student, Michael D. Alexander in the gymnasium of Independence High School. Mr. Alexander grabbed the Plaintiff from behind, reached his hands around her placing them on her breasts and squeezed them.

7. Michael Alexander, whose date of birth is December 7, 1995, was an Individualized Educational Program ("IEP") special education student at the time of this sexual assault.

Because of his history of violent behavior, Mr. Alexander was supposed to be accompanied and supervised by a faculty member or "aid" at all times while on the premises at Independence High School.

8. Immediately following her sexual assault, Ms. Richards reported the incident to a teacher, Patty Glover and asked Ms. Glover where she could find Coach Vic Wharton, whom she understood was in charge of watching Mr. Alexander. Ms. Glover responded that Coach Wharton had been looking for Mr. Alexander and did not know where he was.

9. Plaintiff went back into the gym and observed Coach Wharton enter from another entrance. She told Coach Wharton that Michael Alexander had sexually assaulted her and that he had been alone and unsupervised the entire time.

10. Plaintiff would allege that despite her report of this sexual assault by Mr. Alexander, no appropriate remedial action was taken by WCBE; nor was any disciplinary action taken against Mr. Alexander.

11. On March 12, 2013, Dallas Richards was sexually assaulted again by Michael Alexander.

12. On this occasion, Plaintiff was in the training room at Independence High School loading ice in preparation for the school softball game when Michael Alexander entered the training room unsupervised. The school's Personal Trainer, Brandy Mangrum, was in the training room when Mr. Alexander entered the room, but she left leaving Mr. Alexander unaccompanied by any school staff personnel. After she left, Mr. Alexander began to engage in horseplay with two male students.

13. While he was in the training room, Mr. Alexander approached Ms. Richards who was seated on a training table. He grabbed Ms. Richards and began to lick her leg and back. Plaintiff

3

yelled at Mr. Alexander to stop and one of the male students in the room intervened, pushing Mr. Alexander off of the Plaintiff. Mr. Alexander left the room, but returned shortly thereafter and charged into the Plaintiff grabbing her around the waist and legs. The Plaintiff screamed and Mr. Alexander then placed his hands around her throat and began strangling and choking her while attempting to lick her face. The male students in the room who observed this attempted to free the Plaintiff from Mr. Alexander's grip, but because of his size and strength it took both of them to subdue him. They did manage to pull Mr. Alexander off the Plaintiff, and Mr. Alexander then turned to one of the male students and grabbed him by the hair and pulled him around. Mr. Alexander then left the room.

14. Shortly thereafter, Mr. Alexander returned to the training room yet again. This time he physically forced himself upon Ms. Richards, and tried to lick her buttocks, and when she turned away, he wrapped her up in his arms and lifted her into the air. As he did so he placed one hand in her buttocks/vaginal area while with the other hand grabbing her breast and attempted to carry her away. Ms. Richards screamed and Mr. Alexander dropped her down onto the training table. Ms. Mangrum, who apparently heard the Plaintiff's screams, entered the room and ordered Mr. Alexander to stop. She then escorted Mr. Alexander out of the room to go find Coach Wharton.

15. Ms. Richards remained in the training room and attempted to regain her composure when Coach Kaylie Wilson, the Assistant Softball Coach, entered the room. She reported the sexual assault to Coach Wilson.

16. Plaintiff also reported the sexual assault by Mr. Alexander to Coach Wharton and Coach Burns.

17. On or about March 14, 2013, the day after they were informed of the sexual assault upon their daughter, the Plaintiff's parents, Charles and Jessica Richards, visited the school and

4

spoke with Principal Travis Mayfield to express their concerns about the multiple attacks upon their daughter by Mr. Alexander. The Richards also met with Principal Todd Campbell and Jennifer Anton, the Special Needs Counselor for the school, and expressed to them their concern about the school's lack of supervision of Mr. Alexander.

18. Plaintiff alleges, on information and belief, that Mr. Alexander was suspended for five days, but was subsequently allowed to return to the school. Following his return, Mr. Alexander was again observed walking the halls of the school unescorted. Each time he saw the Plaintiff in the hallway Mr. Alexander intimidated her by yelling at her and embarrassing her in front of her peers.

19. As a consequence of Mr. Alexander's actions and the failure of the Defendant to take appropriate remedial measures to assure that the Plaintiff would be safe from further attacks by Mr. Alexander, the Plaintiff's parents were forced to remove Ms. Richards from Independence High School and transfer her to Summit High School.

20. Plaintiff alleges, on information and belief, that after she left Independence High School, Mr. Alexander had an additional violent outburst at the school in which he attacked a staff member with a steel weight plate holding it over the staff member's head and shouting "*I'll kill you.*" Unlike the physical and sexual attacks upon the Plaintiff, this incident led to Mr. Alexander's immediate expulsion from the school system.

21. Prior to Mr. Alexander's initial sexual assault on the Plaintiff on January 18, 2013, WCBE was aware of Mr. Alexander's prior history of violence toward other students, and that he had physically and sexually assaulted other female students. Specifically, while enrolled in the Defendant school system in the eighth grade, Mr. Alexander had stabbed another male student with a pencil and violently attacked a female student in the cafeteria of Page Middle School.

5

22. In addition, Plaintiff alleges, on information and belief, that WCBE was aware that Mr. Alexander's parents had removed him from Page Middle School and enrolled him in a private school, and that Mr. Alexander had been expelled from that school due to inappropriate sexual behavior toward female students.

23. Prior to the 2012-2013 academic school year, the school administration at Independence High School conducted a meeting to determine whether to enroll Mr. Alexander. Plaintiff alleges that during this meeting school officials were advised by a law enforcement official not to enroll Mr. Alexander because he posed a potential safety risk to other students.

## V.
## Cause of Action

### Violation of Title IX of the Civil Rights Act
### 20 U.S.C. § 1681(a)

24. Plaintiff incorporates herein by reference the allegations set forth in ¶¶ 1 through 23, and do further allege as follows.

25. Title IX of the Education Amendments of 1972 provides that, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance ..." 20 U.S.C. § 1681(a). Title IX contains an implied private right of action, and damages are available as a remedy.

26. The sexual harassment of the Plaintiff in this case was so severe, pervasive, and objectively offensive that it served to deprive her of access to the educational opportunities or benefits provided by the school.

27. WCBE is a recipient of federal funds.

28. WCBE had actual knowledge of the repeated acts of sexual harassment.

29. The sexual harassment alleged in this Complaint took place in a context subject to the school district's control and in circumstances wherein the school district exercises substantial control over both the harasser and the context in which the known harassment occurred.

30. WCBE's response to the harassment or lack thereof was clearly unreasonable in light of the known circumstances and constitutes deliberate indifference.

31. As a consequence of the severe, pervasive, and objectively offensive conduct of Mr. Alexander, the Plaintiff was deprived of access to certain educational opportunities or benefits provided by the school. Specifically, the Plaintiff has been uprooted in every aspect of her senior year of school and unable to complete scholastic and sports activities, as well as extra-curricular activities that she enjoyed while a senior at Independence High School.

32. In addition, the Plaintiff's academic schedule had to be changed. The school that she currently attends does not offer dual path (educational and technical path) instruction. The particular discipline the Plaintiff was pursuing, Criminal Justice, is not offered at her current school. As a consequence, the Plaintiff will be unable to graduate with a dual diploma.

33. In addition, the Plaintiff was removed from the "Best Buddies Program" in which she actively participated, working with special needs children. Plaintiff had served as Vice-President of this charitable service organization while at Independence High School.

34. The Plaintiff has also suffered mental anguish and emotional suffering as a consequence of her multiple sexual attacks and has had to undergo psychological counseling to cope with nightmares and flashbacks of these attacks.

WHEREFORE, PLAINTIFF DEMANDS:

1. That Plaintiff be allowed to file this complaint and that the named Defendant, WILLIAMSON COUNTY BOARD OF EDUCATION, be required to answer within the time prescribed by law;

2. That upon final hearing, the Plaintiff be awarded judgment against the Defendant for compensatory damages an amount up to One Million, Five Hundred Thousand Dollars ($1,500,000);

3. That a jury of six be empanelled to hear and try all issues properly triable by a jury;

4. That plaintiff have and recover such further and general relief as to which she may be entitled, including court costs and reasonable attorney fees under 42 U.S.C. § 1988.

Respectfully submitted,

By: *[signature]*
Larry L. Crain
Tenn. Sup. Crt. No. 9040
**CRAIN, SCHUETTE & ASSOCIATES, LLC.**
5214 Maryland Way, Suite 402
Brentwood, TN 37027
(615) 376-2600 Voice
(615) 345-6009 Facsimile
*larry@csafirm.com*

*Attorney for the Plaintiff*